```
                 UNITED STATES DISTRICT COURT
                          FOR THE
                 MIDDLE DISTRICT OF PENNSYLVANIA
```

```
UNITED STATES OF AMERICA      :
                              :
     vs.                      :    No. 4:CR-04-0027
                              :
DONALD R. MILLER, Jr.         :    (Judge Muir)
```

ORDER

July 29, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Defendant Donald R. Miller has pled not guilty to, *inter alia*, three counts of engaging in certain activities relating to material constituting or containing child pornography in violation of 18 U.S.C. §§ 2252A and 2256(8)(B). This case involves Miller's alleged attempts, via computer, to copy images of child pornography from one internet web site and place them in another location. Based on the limited information presented to us in the course of pre-trial proceedings, it appears as though an internet service provider located in Utah detected Miller's allegedly unlawful activity and notified authorities. Among the items seized from Miller's residence on January 13, 2004, was a 6.5 gigabyte computer hard drive.

On June 24, 2005, Miller filed a motion to compel discovery. A brief in support of that motion was filed on July 8, 2005. The government filed its opposition brief on July 22, 2005. Miller filed his reply brief on July 28, 2005, thereby ripening the motion for disposition.

Discovery in federal criminal cases is governed by Federal Rule of Criminal Procedure 16.  The United States Court of Appeals for the Third Circuit has held that discovery motions in criminal cases are subject to the trial court's discretion. *See* United States v. Hedaithy, 392 F.3d 580, 605 (3d Cir. 2004)("The District Court's denial of discovery is reviewed for abuse of discretion.")

Although this case is now on our September, 2005, Trial List, when Miller filed his motion to compel on June 24, 2005, the case was on our July, 2005, Trial List, with jury selection scheduled to commence on July 6, 2005.  Miller justifies the filing of his motion so close to the jury-drawing date by stating that

> [c]ertain facts have come to light as a result of testimony offered by the Government's witnesses at the [hearing on Miller's prior motion to dismiss the indictment] held on June 14 & 15, 2005, as well as the Grand Jury Testimony transcripts that were provided to Defendant as part of the Jencks Act material.

(Motion to Compel, p. 2, ¶6)  Miller states that the Jencks Act material referenced in his motion was provided to him for the first time on June 13, 2005.

As a result of the information Miller alleges to have obtained for the first time in connection with the hearing on his motion to dismiss the indictment, Miller now seeks to compel the government to provide him with the following: 1) "a new copy, or mirror image, of the 6.5Gigabyte [sic] hard drive"; 2)

"information pertaining to the 'Utah informant' and alleged 'Utah upload'"; and 3) "copies of the Derivative Evidence CD-ROMS (labeled DE1-DE5) that were prepared concurrently with the government's examination of the computer evidence." (Brief in Support of Motion to Compel, p. 2)

We initially address the second and third items sought by Miller in his motion to compel discovery.

With respect to the "information pertaining to the 'Utah informant' and alleged 'Utah upload,'" Miller relies primarily upon asserted inconsistencies in the testimony given by Special Agent James Kyle before the grand jury and his testimony at the hearing on the motion to dismiss the indictment.  The government argues that Special Agent Kyle's testimony does not contain any material differences.  Our review of the excerpts of the testimony cited by Miller leads us to agree with the government.

The government also argues that Miller's request for the so-called "Utah Information" is untimely because "this information has been available to Defendant through the affidavit of probable cause to the search warrant executed on January 13, 2004, and the discovery process." (Opposition Brief, p. 4)  The information presented to us indicates that Miller has long been aware of the "Utah Information" and he could have sought it long ago.

The government further contends that no additional disclosure is required because of the limited significance of the

3

"Utah information." In support of this contention the government cites a number of cases which have held that disclosure by the government is not required where the information at issue is of limited value. *See* United States v. Morris, 568 F.2d 396 (5th Cir. 1978); United States v. Hare, 589 F.2d 242 (5th Cir. 1979); *see also* United States v. Allen, 566 F.2d 1193, 1194 (3d Cir. 1977)(affirming denial of defendant's motion to compel disclosure of informant's identity for purposes of proving lack of reasonable cause for arrest because defendant had not shown that disclosure was necessary to the defense), *cert. denied,* 435 U.S. 926, 98 S. Ct. 1491 (1978). Those cases support the government's position. To this point Miller has failed to demonstrate that he will be prejudiced if the "Utah Information" is not provided to him.

In response to Miller's claim that he is entitled to the "Derivative Evidence CD-ROMS," the government notes that Miller has already been provided with those items. According to Miller these disks "contain the government's forensic exam results." (Brief in Support of Motion to Compel, p. 5) We are also of the view that Federal Rule of Criminal Procedure 16 shields such information from compelled disclosure. *See* Fed.R.Crim.P. 16(a)(2)("this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an ... agent in connection with investigating

or prosecuting the case.")

In his reply brief, Miller does not respond in any manner to the government's arguments pertaining to the "Utah Information" or the "Derivative Evidence CD-ROMS." Another indication that Miller has abandoned his attempt to compel that discovery is the following statement in his reply brief: "What the Defendant is seeking is simple: a true and accurate copy of the computer material seized from him." (Reply Brief, p. 2)  The only item fitting that description which is referenced in the motion to compel is the 6.5 gigabyte hard drive. For the reasons noted above, as well as Miller's failure to refute, or even address, any of the government's assertions with respect to the "Utah Information" or the "Derivative Evidence CR-ROMS," we will deny his motion to compel as it relates to those items.

The third and final item to consider relates to the 6.5 gigabyte hard drive. This piece of evidence is significant because it is allegedly the instrument used by Miller in his attempts to access and store the images of child pornography. The testimony introduced into evidence at the hearing held in connection with Miller's motion to dismiss the indictment indicated that Miller received identical copies of 26 out of 27 computer media items. In other words, 26 items provided to Miller matched the government's copies of the original evidence. The twenty-seventh item is the 6.5 gigabyte hard drive which

Miller allegedly used to access and store the images of child pornography.

The government's original discovery response to Miller contained two different images of the 6.5 gigabyte hard drive. Each of those images possessed a different hash value[1], although each was supposedly an accurate image of the original 6.5 gigabyte hard drive seized from Miller.  Miller argues that the condition of the discovery provided to him is unfairly prejudicial because he is unable to ascertain which image of the 6.5 gigabyte hard drive he should rely upon in preparing for trial.  It also appears that neither of the hash values associated with the images of the 6.5 gigabyte hard drive provided to Miller matches the hash value of the government's copy of that piece of evidence.

The controversy centering on the images of the 6.5 gigabyte hard drive provided to Miller by the government arose and was addressed at the hearing held on Miller's motion to dismiss the indictment.  The government's experts confirmed that they had provided an accurate copy of the hard drive to Miller.  Their position was that any confusion concerning the 6.5 gigabyte hard drive was created by the manner in which Miller's own expert had

---

[1] The significance of a "hash value" is discussed in our opinion of June 22, 2005.  It is essentially an identifying label created for and attached to a digital file stored on a computer. Hash values are used to confirm the contents of such files.

handled the discovery materials.

We are of the view that the apparently negligible effort and minimal cost associated with providing an additional copy of the evidence to Miller should be exerted and spent to confirm that Miller possesses a completely accurate copy of such a significant piece of evidence. We will grant the motion to compel as it relates to the 6.5 gigabyte hard drive.

NOW, THEREFORE, IT IS ORDERED THAT:

1. Miller's motion to compel discovery (Document 85) is granted in part and denied in part as provided in paragraphs 2 and 3 of this order.
2. The government shall, within 20 days after the date of this order, provide Miller with an accurate mirror image of the 6.5 gigabyte hard drive seized from his residence.
3. Miller's motion is denied in all other respects.

                                        <u>s/Malcolm Muir</u>
                                        MUIR, U.S. District Judge

MM:ga