UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :
                                :    No. 4:CR-04-0027
     vs.                        :
                                :
DONALD R. MILLER                :    (Judge Muir)


<u>ORDER</u>

December 19, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On October 17, 2005, a jury found Defendant Donald R. Miller guilty of the crimes charged in three counts of an indictment containing five counts.  The charges of which he was found guilty are receipt of child pornography, possession of child pornography, and possession of marijuana.

On October 24, 2005, Miller filed a motion pursuant to Federal Rule of Criminal Procedure 29 for judgment of acquittal as to all three offenses.  A brief in support of that motion was filed on November 7, 2005.  The government filed its opposition brief on November 22, 2005.  Miller filed a brief in reply on December 7, 2005, thereby ripening the motion for disposition.

Miller argues that

as to all counts and as to the element of **knowingly**, the government has failed to prove beyond a reasonable doubt that defendant knowingly committed the crimes charged. Additionally, no credible evidence was offered that would indicate that defendant, and not defendant's wife, who lived in the same residence at the same time, committed the crimes charged against only the defendant.

(Motion for Judgment of Acquittal, p. 1)(Emphasis in original)

The United States Supreme Court has held that

[i]n ruling on a motion for acquittal the District Judge
must pass on the sufficiency, not on the weight, of the
Government's case, ....  "[T]he applicable standard is
whether [the District Judge as a trier of fact] could, not
whether he would, find the accused guilty on the
Government's evidence."

United States v. Martin Linen Supply Co., 430 U.S. 564, 582-583,

97 S. Ct. 1349, 1360 (1977)(citations omitted).  The Court of

Appeals for the Third Circuit has also held that a district court

considering such a motion is required to

"review the record in the light most favorable to the
prosecution to determine whether any rational trier of fact
could have found proof of guilty beyond a reasonable doubt
based on the available evidence." ...  A finding of
insufficiency should be "confined to cases where the
prosecution's failure is clear." ...  Courts must be ever
vigilant in the context of Fed.R.Crim.P. 29 not to usurp the
role of the jury by weighing credibility and assigning
weight to the evidence, or by substituting its judgment for
that of the jury.

United States v. Brody, 403 F.3d 123, 133 (3d Cir. 2005)

(citations omitted).

Another significant principle relevant to Miller's motion is

the weight to be accorded to circumstantial evidence.  The Court

of Appeals for the Eleventh Circuit has commented that an element

of a crime

may be established, like most other facts, by circumstantial
evidence, even if the jury might draw other reasonable
inferences from the circumstantial evidence. ... 'It is not
necessary that the evidence exclude every reasonable
hypothesis of innocence or be wholly inconsistent with every
conclusion except that of guilt, provided a reasonable trier

2

of fact could find that the evidence establishes guilt
beyond a reasonable doubt.'

United States v. Hersh, 297 F.3d 1233, 1254 n.31 (11th Cir.
2002)(citations omitted); *see also*, United States v. Utter, 97
F.3d 509, 512 (11th Cir. 1996)("In judging the sufficiency of the
evidence, the standard applied is the same whether the evidence
is direct or circumstantial.").

Specifically with respect to the element of the crimes
challenged by Miller in his pending motion (i.e., that he
'knowingly' performed certain acts), we note that "[t]he
knowledge element can be proven through direct and/or
circumstantial evidence of actual knowledge ...." United States
v. Marchand, 308 F. Supp. 2d 498, 506 (D.N.J. 2004)(Hochberg,
J.).  With those principles in mind, we turn to the merits of
Miller's motion for judgment of acquittal.  In ruling on a motion
for judgment of acquittal, we are to "examine the totality of the
evidence, both direct and circumstantial." United States v.
Gambone, 314 F.3d 163, 170 (3d Cir. 2003).

The fundamental premise of Miller's arguments appears to be
that he should be acquitted of every charge because the
government failed to disprove a number of innocent explanations
for the presence of the child pornography and marijuana in
Miller's home.  For instance, he contends that the agents of the
Federal Bureau of Investigation who interviewed him in connection
with this case failed to question his wife to ascertain if she

was in any way responsible for the illegal items in Miller's home.

Miller's arguments constitute an untenable attempt to foist upon the government a burden of proof which the government is not required to bear.  We agree with the Court of Appeals for the Eleventh Circuit in that the government's evidence need not "exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt." United States v. Hersh, 297 F.3d 1233, 1254 n.31 (11th Cir. 2002).

The evidence at trial established that a collection of images of child pornography was found on a zip disk at Miller's home in a box of similar disks next to a computer used by Miller. Miller admitted that he used zip disks to store certain types of other data, such as family photographs.  Although no evidence showed that Miller's computer was used to place the images on the disk, we are of the view that no such evidence is necessary to establish that Miller knowingly received and possessed the images.  In addition, Miller ultimately conceded that he collected some adult pornography.  Those facts constitute strong circumstantial evidence of Miller's knowing receipt and possession of the incriminating disk.

With respect to the marijuana, when he was first interviewed by the federal agents executing the search warrant at Miller's home, Miller informed the agents of the location of the marijuana

4

in the home.  At no point during his discussions with the agents did he assert that the marijuana belonged to his wife.

In conjunction with those facts the jury was of course entitled to consider the witnesses' credibility.  Miller gave a number of conflicting statements to the federal agents who executed the search warrant at him.  During the initial interview Miller gave two different accounts to explain the delay in answering the agents' attempt to execute the search warrant.  Of far more importance are Miller's contradictory statements regarding the existence of any pornography whatsoever on the zip disks found at his home.  Although he initially said that there was no pornography on those disks, in a second interview Miller conceded that he had a collection of images of adult pornography. Miller's inconsistent statements damaged his credibility.

We repeat that we are not authorized to make independent assessments of the witnesses' credibility.  We mention Miller's credibility here in a manner consistent with the jury's verdict and only to observe that the jury could have drawn inferences favorable to the government from Miller's conflicting statements. *See* United States v. Antico, 275 F.3d 245, 260 (3d Cir.2001)(when considering a motion for judgment of acquittal, "all available inferences [are to be credited] in favor of the government"); *see also* U.S. v. Kama, 2005 WL 3433718, *1 (E.D.Pa. Dec 12, 2005)("The evidence must be examined as a whole in the light most

favorable to the jury verdict, with the presumption that the jury properly evaluated credibility of the witnesses, found the facts, and drew rational inferences.")(citing United States v. Iafelice, 978 F.2d 92, 94 (3d Cir.1992)).

Under the totality of the circumstances, we are of the view that the jury in this case could view the circumstantial evidence in this case as sufficient to prove beyond a reasonable doubt that Miller knowingly received and possessed child pornography and knowingly possessed marijuana.  We will deny Miller's motion for judgment of acquittal.

NOW, THEREFORE, IT IS ORDERED THAT:

Miller's motion (Document 125) for judgment of acquittal is denied.

s/Malcolm Muir
MUIR, U.S. District Judge

MM:ga