UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA     :        No. 4:CR-04-0027
                              :
     vs.                  :
                              :
DONALD R. MILLER, Jr.      :        (Judge Muir)


**ORDER**

November 28, 2006

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Defendant Donald R. Miller is to be sentenced after having been found guilty of, *inter alia*, receiving or distributing child pornography, and possession of child pornography in violation of 18 U.S.C. §§ 2252A(2)(A)(B) and 2252A(a)(5)(B).  Throughout these proceedings Miller has not been in custody.  Miller's positive adjustment to pretrial services supervision eventually led to elimination of the requirement that Miller be subject to electronically monitored home confinement.

On October 25, 2006, United States Probation Officer Eric W. Noll filed a "Petition for Action on Conditions of Pretrial Release," requesting that electronic monitoring of Miller's home confinement be reinstated.  Probation Officer Noll is of the view that such monitoring is required in this case as a result of amendments to 18 U.S.C. § 3142( c) which became effective on July 27, 2006.

On October 25, 2006, we issued an order requiring the parties to file briefs setting forth their respective positions with respect to the probation officer's petition.  The parties timely filed their briefs and the matter became for disposition upon the filing of Miller's reply brief on November 16, 2006.

Miller contends that requiring him to be electronically monitored simply because of the nature of the offenses at issue in this case, without any judicial findings regarding the necessity or advisability of such monitoring, would unconstitutionally violate 1) his rights to procedural and substantive due process, and 2) the separation of powers doctrine.

Our analysis begins with the observation that Miller has been found guilty of certain offenses by a jury but he has not yet been sentenced.  Consequently, he is entitled to the same constitutional rights as a pretrial detainee. *See* Cobb v. Aytch, 643 F.2d 946, 962 (3d Cir. 1981).  The United States Supreme Court has held that

> in evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think the proper inquiry is whether those conditions amount to punishment of the detainee.

Bell v. Wolfish, 441 U.S. 520, 535, 99 S. Ct. 1861 (1979).

Our research has not revealed any cases addressing the issue

2

of whether the electronic monitoring of a defendant's home confinement constitutes punishment.  However, courts have universally held that the imposition of electronic monitoring is not punishment in the context of an *ex post facto* claim. *See* Cruz v. Texas Parole Div., 87 Fed.Appx. 346, 2004 WL 190251 (5th Cir. Jan. 30, 2004)(citing cases); Uresti v. Collier, 2005 WL 1515386 (S.D. Tex. June 23, 2005); Taylor v. Remmers, 2002 WL 554520 (Apr. 12, 2002 N.D. Ill.).

Those cases involve criminal defendants who became subject to new parole requirements (which included electronic monitoring) that had become effective after the defendants' convictions. None of those courts found that the electronic monitoring of a defendant's home detention constituted punishment.  For instance, the court in <u>Taylor</u> reasoned that

> [t]he plaintiff was statutorily required to serve three years of mandatory supervised release; supervised release easily encompasses the concept of electronic home detention, ....
>
> ... The increased limitation on the plaintiff's freedom engendered by electronic home detention did not violate the Ex Post Facto Clause. Such placement did not increase the quantum of punishment for the crime of which the plaintiff was convicted. *Contrast Miller v. Florida,* 482 U.S. 423 (1987)(revision in sentencing guidelines that increased a sexual offender's presumptive sentence after the petitioner was arrested but before he was sentenced violated the Ex Post Facto Clause).  It is not the case that the plaintiff was required to serve more time in prison or on supervised release than he would have under the old law.  An essentially procedural condition of release was simply added.

Taylor, 2002 WL 554520 at *4.  We are of the view that the reasoning and conclusions of those cases applies to Miller's due process arguments.

As noted above, a due process claim concerning a defendant's conditions of release has merit only where the challenged condition amounts to punishment. *See* Bell v. Wolfish, 441 U.S. 520, 535, 99 S. Ct. 1861 (1979).  Because the imposition of electronic monitoring does not constitute punishment, no due process challenge may be based on that condition of release.

There is an additional, related reason to reject Miller's due process arguments.  As noted by the government in its brief, the Court of Appeals for the Third Circuit has held that "after a jury has pronounced a guilty verdict the court may insist upon greater assurance that a defendant will submit to sentence." Fuentes v. Wagner, 206 F.3d 335, 341 (3d Cir. 2004).  As a general matter, conditions imposed to achieve such assurance are permissible where "they are rationally related to a legitimate nonpunitive government purpose and [do not] appear excessive in relation to that purpose." Id.  Electronically monitoring Miller is a legitimate procedural condition of his home confinement to verify his whereabouts.

The only remaining argument to consider is whether the mandated condition of release violates the separation of powers

4

doctrine.   The primary case upon which Miller relies in support of this argument relates to "the fixing of bail." (Miller's Brief Opposing probation Officer's Petition, p. 9)   In support of this argument Miller also cites the Eighth Amendment for the proposition that "excessive bail not be required."   One reason we do not find Miller's argument persuasive is that he has not cited any authority relating to the imposition of some condition other than bail.

In its brief the government notes that the Bail Reform Act and the Sentencing Guidelines establish other significant, blanket restrictions relating to pretrial release.   Miller did not reply to this argument in his reply brief.   One obvious example of an automatic mandate concerning pretrial detention is the presumption that a defendant be detained if he has been charged with one of the offenses described in 18 U.S.C. § 3142(e).   Our research failed to reveal any successful challenge to that condition based on the separation of powers doctrine.

The condition at issue here (i.e., electronic monitoring) is far less intrusive than many of the other requirements which are automatically imposed.   We are of the view that the amendment of the Bail Reform Act at issue here does not violate the separation

of powers doctrine.

NOW, THEREFORE, IT IS ORDERED THAT:

Probation officer Noll's "Petition for Action on Condition of Pretrial Release" is granted.


s/Malcolm Muir
MUIR, U.S. District Judge

MM:gja

6