UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA           :          4:CR-04-0027
                                   :
                                   :
     v.                            :
                                   :
DONALD R. MILLER, JR.              :          (Judge Muir)

## ORDER

November 17, 2008

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

A jury found Defendant Donald R. Miller, Jr., guilty of receipt of child pornography, possession of child pornography, and possession of marijuana.  Miller appealed and on June 2, 2008, the Court of Appeals for the Third Circuit issued an opinion in which it, *inter alia*, remanded the case to us "to exercise [our] discretion to vacate one of the underlying [child pornography] convictions" and resentence Miller. United States v. Miller, No. 06-5187, slip op. p. 41 (3d Cir. June 2, 2008)(quoting Ball v. United States, 470 U.S. 856, 864 (1985)).

Although we initially vacated the lesser included offense of possession of child pornography, on October 7, 2008, we ultimately vacated the conviction of receipt of child pornography and sentenced Miller on the remaining two offenses to a 30-month term of incarceration (with a concurrent one year term of incarceration for the marijuana offense) and to a lifetime of supervised release with certain standard and special conditions.

On October 14, 2008, Miller filed a "Motion to Correct Sentence for Clear Error Pursuant to Federal Rule of Criminal Procedure 35(a)."  A supporting brief was filed with the motion. The Government timely filed its opposition brief on October 29, 2008.  Miller filed his reply brief on November 3, 2008, thereby ripening his motion for disposition.  In addition to his pending motion, Miller filed a notice of appeal from the sentence imposed on October 7, 2008.  The Government does not challenge our jurisdiction over Miller's pending motion in light of the appeal, and we are of the view that we may exercise jurisdiction over the motion. *See* Fed.R.App.P. 4(b)(5).

Miller filed his pending motion pursuant to Federal Rule of Criminal Procedure 35(a), which provides in its entirety as follows: "Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed.R.Crim.P. 35(a).  He contends that certain conditions of his supervised release constitute clear error.

Title 18 U.S.C. § 3583(c), entitled "Factors to consider in including a term of supervised release," provides that

> [t]he court, in determining whether to include a term of supervised release, and, if a term of supervised release is to be included, in determining the length of the term, and the conditions of supervised release, shall consider the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

18 U.S.C. § 3582(c).  The specific sentencing factors in that list are as follows:

2

| (a)(1) | the nature and circumstances of the offense and the history and characteristics of the defendant; |
| (a)(2) | the need for the sentence imposed ... (B) to afford adequate deterrence to criminal conduct; ... (C) to protect the public from further crimes of the defendant; (D) ... to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" |
| (a)(4) | the kinds of sentence and the sentencing range established for –<br>(A)  the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines –<br>(I)  issued by the Sentencing Commission ...; and<br>(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; ...; |
| (a)(5) | any pertinent policy statement –<br>(A)  issued by the Sentencing Commission ...; and<br>(B)  that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced[;] |
| (a)(6) | the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and |
| (a)(7) | the need to provide restitution to any victims of the offense. |

18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

The Court of Appeals for the Third Circuit

has recognized [that] a sentencing judge has wide discretion in imposing conditions of supervised release. *United States v. Crandon,* 173 F.3d 122, 127 (3d Cir.), *petition for cert. filed,* (U.S. June 14, 1999)(No. 98-9838).  However, the court's discretion is not without limitations.  An order may be a condition of supervised release only to the extent that it: (1) reasonably relates to the factors set forth in the statute containing the sentencing guidelines and (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in the statute. 18 U.S.C. § 3583(d)(1) & (2).  This statutory scheme provides for consideration of: (1) the nature and

3

> circumstance of the offense and the history and
> characteristics of the defendant and (2) the need for the
> sentence imposed to deter future criminal conduct, protect
> the public, and provide the defendant with necessary
> training, medical care, or other correctional treatment. 18
> U.S.C. § 3553(a)(1) & (2).

United States v. Loy, 191 F.3d 360, 369-370 (3d Cir. 1999); *see*

*also* United States v. Smith, 445 F.3d 713, 717-718 (3d Cir.

2006).  We will apply the above legal standards and principles to

Miller's pending motion.

At a threshold matter, we recount the material facts as they

relate to the terms of supervised release which we imposed.  When

FBI agents searched Miller's home they found, *inter alia*, a

computer in his basement

> equipped with an external zip drive, and the agents seized
> twenty-two zip disks that were also stored in the basement.
> ...
>     One of the zip disks contained 1200-1400 images,
> according to the government's expert witness (the
> defendant's expert counted 1373 image files).  The majority
> of the images depicted adult pornography ....

United States v. Miller, No. 06-5187, slip op. p. 19 (3d Cir.

June 2, 2008).  Miller characterized his collection of

pornography as "[p]rimarily Playboy centerfolds," and he denied

any awareness of sadomasochistic pictures in his collection.

(Id., p. 42)(quoting Trial Transcript).

At a sidebar during trial the Government presented to us 5

images which may not under any circumstances be characterized as

"Playboy centerfolds," and which we concluded "could fairly be

described as sadomasochistic pornography." (Id., at 43)

4

The Court of Appeals for the Third Circuit concluded

> that there is substantial, circumstantial evidence
> supporting the inference that Miller downloaded child
> pornography, thus satisfying the act-element of receiving
> child pornography, .... ... This evidence supports the
> inference that Miller received the child pornography on the
> zip disk by downloading it from the internet.

(Id., at 24-25)

We next compare and contrast the above conclusions to various assertions made by Miller in his supporting brief motion concerning the evidentiary record in this case.  Two of particular significance relating to his use of a computer in connection with the instant offense are that 1) "he never used any computer in his possession for any activities relating to accessing child pornography,"[1] and 2) "there is no evidence that Mr. Miller used the Internet to commit the offense of possession of child pornography." (Brief in Support of Motion, pp. 6, 13)(Emphasis added)  In light of the conclusions reached by the Court of Appeals for the Third Circuit in this case, those assertions do not accurately reflect the evidence in this case.

Miller further contends that "there is no evidence that Mr. Miller has any interest in child pornography ...." (Id., p. 14)(Emphasis added)  Such an absolute contention fails to acknowledge or explain the fact that

---

[1] Miller's point here may be that a computer which he did not possess was used in committing the instant offense.  Miller has not shown that any distinction based on possession is meaningful.

the eleven images that [we] determined to actually be child
pornography were copied to the zip disk on October 13,
October 29, December 13, December 17, and December 20, 2002.
A reasonable juror might have concluded, from this evidence,
that Miller copied the images on more than one occasion.

United States v. Miller, No. 06-5187, slip op. pp. 29-30 (3d Cir.
June 2, 2008).

If Miller's positions as to the paucity of evidence in this
case were supported by the record, his pending motion could
potentially have merit.  However, one reason to deny the motion
is that it fails to consider the totality of the evidentiary
record.  It bears repeating that the Court of Appeals for the
Third Circuit rejected Miller's challenges to the sufficiency of
the evidence in this case.

Nonetheless, we will proceed to consider the merits of
Miller's specific challenges to the term and conditions of his
supervised release.

Miller initially argues that his term of supervised release
should be reduced from the statutory maximum of life to 5 years.
In support of his position, Miller emphasizes the facts that he
is 62 years old, has no prior criminal record, worked 22 years as
a correctional officer, was an upstanding citizen, "does not have
a history of interest in child pornography or an attraction to
minors," and "the evidence of Mr. Miller's involvement with child
pornography in this case is slim." (Brief in Support of Motion to
Correct Sentence, pp. 5-6).

The Government maintains that the lifetime of supervised release imposed in this case is appropriate because the jury found that, despite a collection of adult pornography, he possessed child pornography which appears to have been obtained via a computer. The Government further notes that Miller has "not admitted to his conduct, ... nor has he expressed a desire for changing his behavior." (Brief in Opposition to Motion to Correct Sentence, p. 2)

The Court of Appeals for the Fifth Circuit has noted that the lifetime term of supervised release authorized by 18 U.S.C. § 3583(k) reflects Congress' concern with the "the high rate of recidivism in convicted sex offenders." United States v. Perrin, 478 F.3d 672, 676 (5th Cir. 2007)(citing H.R.rep. No. 108-66, reprinted in 2003 U.S.S.C.A.N. 683 (2003)(conf. report)).

A "Policy Statement" within the advisory guidelines provides that "[i]f the instant offense of conviction is a sex offense ... the statutory maximum term of supervised release is recommended." U.S.S.G. § 5D1.2(b)(Policy Statement). Miller's child pornography conviction is for a "sex offense" as that phrase is used in the cited guideline. U.S.S.G. § 5D1.2(b)(Application Note 1)(2003).

Miller's employment and criminal history do not outweigh the circumstances surrounding the instant offense. Imposing such a term under the facts of this case is bolstered by the

Government's discovery of sadomasochistic pornography on the zip disk containing child pornography.

At trial Miller characterized his pornography collection as consisting of "Playboy centerfold" images.  Miller denied possessing any sado-masochistic pornographic images.  However, the Government provided us at a sidebar with evidence which established beyond any doubt that such images were in Miller's possession.  The jury's apparent decision not to find Miller's defense credible has substantial support in the record.  Miller's failure to acknowledge the sado-masochistic pornography in his collection and his consistent denials of any wrongdoing whatsoever utterly fail to explain or even recognize the facts that images of sado-masochistic and child pornography where found on zip disks next to his computer in the basement of his home.

The general risk of recidivism, coupled with Miller's failure to acknowledge the true nature of his collection of pornography and his lack of credibility, weigh in favor of the term and conditions of supervised release imposed in this case.

A lifetime of supervised release is reasonably related to the relevant sentencing factors in § 3553 because, as stated by the Government, "Defendant, with a seemingly insatiable desire for all manner pornography," was found to possess 11 images of child pornography.  Such an offense, committed by a defendant who completely denies his involvement in the offense in the face of

substantial evidence, is sufficiently disturbing to justify a lifetime term of supervised release.

We do not view such a term to be greater than reasonably necessary because of the risk of recidivism and the possibility that, if there is no need to continue supervision, Miller's supervised release could be terminated in the future. The term is also consistent with the policy statement expressed in the advisory guidelines. Miller has not presented an adequate reason to deviate from that policy.

Miller objects not only to the lifetime term of his supervised release, but also to the following special conditions imposed:

(1) The defendant shall participate, at the defendant's expense, in a sex offender treatment program, which may include risk assessment testing, counseling, and therapeutic polygraph examinations, and shall comply with all requirements of the treatment provider. The treatment is to be conducted by a therapist approved by the Probation Officer.

.   .   .

(3) The defendant shall not associate with children under the age of 18, except in the presence of an adult who has been approved by the Probation Officer;

(4) The defendant shall not use a computer with access to any "on-line computer service" without the prior written approval of the Probation Officer. This includes any Internet service provider, bulletin board system, or any other public or private computer network;

.   .   .

(7) The defendant shall submit to an initial inspection by

> the U.S. Probation Office and to any examinations
> during supervision of the defendant's computer and any
> devices, programs, or applications.  The defendant
> shall allow the installation of any hardware or
> software systems which monitor or filter computer use.
> The defendant shall abide by the standard conditions of
> computer monitoring and filtering that will be approved
> by this Court.  The defendant is to pay the cost of the
> computer monitoring, not to exceed the monthly
> contractual rate, in accordance with the probation
> officer's direction; ....

(Brief in Support of Motion to Correct Sentence, pp. 2-3)

Miller supports his position in part by arguing that "Miller is not a 'sex offender' in the true sense of the term," and "[i]t cannot be fairly argued that ... he even has an interest in child pornography." (Brief in Support of Motion, p. 9)  Miller has been convicted of a crime involving images of child pornography which "[a] reasonable juror might have concluded, from this evidence, that Miller copied ... on more than one occasion." United States v. Miller, No. 06-5187, slip op. pp. 29-30 (3d Cir. June 2, 2008).

Our reasons for imposing all of those special conditions are the same as those expressed above with respect to the term of Miller's supervised release.  When the totality of the circumstances in this care is considered, Miller has not shown that any one of the special requirements imposed is unrelated to the relevant sentencing factors or involves an unreasonable deprivation of liberty.

The condition of supervised release concerning treatment is

justified by a fair reading of the evidence in this case.  Where the evidence supports the conclusion that a defendant used a computer to download images of child pornography, it is reasonable to require such a defendant to participate in a sex offender treatment program while on supervised release.

The condition of supervised release concerning Miller's association with minors is, in our view, warranted at this point because his complete denial of any interest in child pornography is called into question by the evidence discussed by the Court of Appeals for the Third Circuit and noted above.  Until more is learned about Miller's predilections through the treatment program, the circumstances of Miller's offense justify the condition.  However, we agree with Miller in that special condition number 3 as written is improper as written.

Special condition number 3 currently states in its entirety as follows: "The defendant shall not associate with children under the age of 18, except in the presence of an adult who has been approved by the Probation Officer."  The Court of Appeals for the Third Circuit, in an unreported decision, rejected almost identical language on the basis that it was "overbroad and vague." United States v. Smyth, 2007 WL 81664, **4 (3d Cir. Jan. 11, 2007).

We will modify that condition by altering its text to read as follows:

> 3)   With the exception of brief, unanticipated, and
>       incidental contacts, the Defendant shall not associate
>       with children under the age of 18 except for family
>       members or children in the presence of an adult who has
>       been approved by the probation officer; ....

We are of the view that such a condition is adequately tailored
and precise.

Miller challenges special conditions numbered 4 and 7 by
apparently construing them as a complete ban on his ability to
access the internet.  We do not agree with such a construction,
and our discussions with the Probation Officer regarding the
intent of those conditions do not support Miller's position.  Any
potential confusion may be minimized by moving the text of
special condition number 7 into condition number 4 so that both
conditions are read together.  We will modify special conditions
4 and 7 in that manner.

Aside from the modifications noted above, we will deny
Miller's motion.

NOW, THEREFORE, IT IS ORDERED THAT:

1.   Miller's motion (Document 229) to correct his sentence
     is granted in part and denied in part as provided in
     paragraphs 2 through 4 of this order.

2.   Special condition number 3 shall be modified by
     altering its text to read as follows:

     3)   With the exception of brief, unanticipated, and
           incidental contacts, the Defendant shall not
           associate with children under the age of 18 except
           for family members or children in the presence of

12

an adult who has been approved by the probation
officer; ....

3.   Special conditions numbered 4 and 7 shall be modified

by adding the text of special condition 7 at the end of

special condition number 4.

4.   Miller's motion is denied in all other respects.


s/Malcolm Muir
MUIR, U.S. District Judge

MM:gja